*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-1075

IN RE BERHAN DARGIE, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 455288)

FILED 11/09/2017
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline

(BDN 009-17)

(Decided: November 9, 2017)

Before BECKWITH and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee (the Committee) recommends approval of a revised petition for negotiated attorney discipline. The violations stem from respondent Berhan Dargie's professional misconduct, wherein he knowingly made a false statement to a third party about the amount of a

settlement agreement and the statement prompted the third party to take a lesser fee for services it provided to his client.

Respondent acknowledged that he (1) knowingly made a false statement of material fact to a third person and (2) engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, thereby violating Rules 4.1 (a) and 8.4 (c) of the District of Columbia Rules of Professional Conduct. The Committee considered the following circumstances in mitigation: (1) respondent's cooperation with Disciplinary Counsel; (2) that respondent took full responsibility and demonstrated remorse for his actions; (3) respondent's efforts to remedy the dishonest representation; and (4) respondent's *pro bono* work and other charitable and community services. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a sixty-day suspension. After reviewing the revised petition for negotiated discipline, considering a supporting affidavit and the attachment thereto, and conducting a limited hearing, the Committee concluded that the revised petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated

discipline of a sixty-day suspension from the practice of law is not unduly lenient considering the existence of mitigating factors and the discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Berham Dargie is hereby suspended from the practice of law in the District of Columbia for sixty days. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*

---

[1] *See In re Rosenau*, 132 A.3d 1174 (D.C. 2016) (upholding a thirty-day suspension in failing to disclose the death of his client during mediation); *In re Amberly*, 974 A.2d 270 (D.C. 2009) (imposing a thirty-day suspension for an attorney who knowingly made false statements about the service of a counterclaim); *In re Mitchell*, 822 A.2d 1106 (D.C. 2003) (suspending an attorney for ninety days after the attorney repeatedly made false statements to a third party about both the receipt of funds in which the third party had an interest and the satisfaction of the debt to the third party and then failed to pay the third party after receiving notice of Disciplinary Counsel's action against him); *In re Zeiger*, 692 A.2d 1351 (D.C. 1997) (involving a sixty-day suspension for an attorney, with a number of mitigating factors, that altered his client's medical records and submitted them to the opposing party's insurer).